1  Mary Jo O'Neill AZ Bar #005924
   C. Emanuel Smith   MS Bar #7473
2  Lucila G. Rosas CA Bar #187345
   Karen Nutter CA Bar #235056
3  **Equal Employment Opportunity Commission**
   **Phoenix District Office**
4  3300 North Central Avenue, Suite 690
   Phoenix, Arizona  85012-2504
5  Telephone: (602) 640-5025
   Facsimile: (602) 640-5009
6
   Attorneys for Plaintiff
7

8              IN THE UNITED STATES DISTRICT COURT

9                 FOR THE DISTRICT OF ARIZONA

10

11  Equal Employment Opportunity          )
    Commission,                           )      CIV No.
                                          )
12              Plaintiff,                )
                                          )      **COMPLAINT**
13          vs.                           )
                                          )      (Jury Trial Demanded)
14  Bashas' Inc.,                         )
                                          )
15              Defendant,                )
                                          )
16  Navajo Nation,                        )
                                          )
17              Rule 19 Defendant.        )
                                          )
18

19                 <u>**NATURE OF THE ACTION**</u>

20          This is an action pursuant to Title VII of the Civil Rights Act of 1964, as

21  amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the

22  Civil Rights Act of 1991, 42 U.S.C. § 1981(a) against Bashas' Inc., ("Bashas'")

23  seeking redress for unlawful discrimination against a class of similarly situated

24  non-Navajo Native Americans.  Plaintiff, the U.S. Equal Employment Opportunity

25  Commission (the "Commission" or "EEOC") alleges that Bashas' has

26  discriminated against and continues to discriminate against non-Navajo Native

27  Americans on the basis of their national origin by failing to hire qualified non-

28  Navajo Native Americans.  The Commission further alleges that Bashas' has

failed to retain employment applications as required by 42 U.S.C. § 2000 e-8(c).

## JURISDICTION AND VENUE

1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-5(f)(1) and (3) and 42 U.S.C. § 1981(a).

2.    Bashas' unlawful employment practices were committed in Tuba City, Arizona and, accordingly, venue is proper in this Court.

3.    The unlawful employment practices occurred on the property of the Navajo Nation located in Tuba City, Arizona and, accordingly, venue is proper in this Court.

## PARTIES

4.    The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by 42 U.S.C. § 2000e-5(f)(1) and (3).

5.     More than thirty days prior to the institution of this lawsuit, Dale Lucero and Randy Honahni (collectively referred to as the "Charging Parties") filed charges of discrimination with the Commission, alleging that Bashas' had violated Title VII by refusing to hire them because they were Native Americans who were not members of the Navajo Nation.  All conditions precedent to the institution of this lawsuit have been fulfilled.

6.     Bashas' operates supermarkets on land which is located in Arizona and has, at all relevant times, employed approximately ten thousand five hundred (10,500) employees.

7.    At all relevant times, Bashas' has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

8.    Defendant Navajo Nation is a party to a lease agreement with the Defendant Employer Bashas' and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete

1 relief cannot be accorded among those already parties, and it has an interest in
2 the subject of this action.

3 **NOTICE**

4 9.    Notice of this action was given to Mr. Joe Shirley, Jr., President of
5 the Navajo Nation and Mr. Lewis Denetsosie, Attorney General for the Navajo
6 Nation, on July 8, 2005 via certified mail/return receipt.  The Commission
7 received the return receipt showing delivery of the documents to each of them on
8 July 12, 2005.

9 **CONCILIATION**

10 10.    Prior to the institution of this lawsuit, the Commission's
11 representatives attempted to eliminate the unlawful employment practices alleged
12 below and to effect voluntary compliance with Title VII through informal methods
13 of conciliation, conference and persuasion within the meaning of Section 706(b)
of Title VII, 42 U.S.C. § 2000e-5(b).

14 **STATEMENT OF CLAIMS**

15 11.    Charging parties are Native Americans who are not members of the
16 Navajo Nation.  Charging parties are members of the Hopi Tribe.

17 12.    Bashas' operates a supermarket  which is located on land owned by
18 the Navajo Nation.

19 13.    Charging parties and a class of similarly situated qualified non-
20 Navajo Native Americans applied for open positions with Bashas' for which they
21 were qualified.  Bashas' did not hire Charging Parties and the class of similarly
22 situated qualified non-Navajo Native Americans, but instead hired members of
23 the Navajo Nation for the open positions.

24 14.    Bashas' has a history of refusing to hire non-Navajo Native
25 Americans for open positions at its facility.  The effect of this reputation is that
26 qualified non-Navajo Native Americans have been discouraged from applying for
27 open positions at Bashas' and have accordingly failed to apply for open positions
28 with Bashas'.

3

15.    The effect of Bashas' practices outlined above has been to deprive non-Navajo Native Americans of equal employment opportunities because of their national origin.

## FIRST CLAIM FOR RELIEF

### (Discrimination in violation of Title VII based on national origin)

16.    The Commission incorporates by this reference paragraphs one through fourteen outlined above.

17.    Bashas' has engaged in, and continues to engage in, unlawful employment practices by discriminating against Charging Parties and a class of similarly situated qualified, non-Navajo Native Americans on the basis of their national origin, in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a) by refusing to hire qualified non-Navajo Native American individuals.

18.    The unlawful employment practices complained of above were intentional.

19.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and a class of similarly situated qualified non-Navajo Native Americans.

## SECOND CLAIM OF RELIEF

### (Record-keeping violation)

20.    Since at least September, 1999, Defendant Bashas' has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Bashas', its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination on the basis of national origin.

B.    Order Bashas' to institute and carry out policies, practices, and programs which provide equal employment opportunities for non-Navajo Native Americans and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Bashas' to make whole Charging Parties and a class of similarly situated non-Navajo Native Americans by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Bashas' to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

E.    Order Bashas' to make whole Charging Parties and a class of similarly situated non-Navajo Native Americans by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

F.    Order Bashas' to make whole Charging Parties and a class of similarly situated non-Navajo Native Americans by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in amounts to be determined at trial.

G.    Order Bashas' to pay punitive damages for its malicious and reckless disregard to the federally protected rights of the Charging Parties and a class of similarly situated individuals described above, in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

1

## JURY DEMAND

2          The Commission respectfully requests a trial by jury on all appropriate

3    Claims for Relief set forth in this Complaint.

4          DATED this 17th day of August, 2005.

5                                        Respectfully submitted,

6                                        ERIC S. DREIBAND
7                                        General Counsel

8                                        JAMES L. LEE
                                         Deputy General Counsel

9                                        GWENDOLYN YOUNG REAMS
                                         Associate General Counsel
10

11                                       EQUAL EMPLOYMENT
                                         OPPORTUNITY COMMISSION
                                         1801 L Street, N.W.
12                                       Washington, D.C.  20507

13

14                                        s/ Mary Jo O'Neill
                                         MARY JO O'NEILL
15                                       Regional Attorney

16

17                                        s/ C. Emanuel Smith
                                         C. EMANUEL SMITH
18                                       Supervisory Trial Attorney

19

20                                        s/ Lucila G. Rosas
                                         LUCILA G. ROSAS
                                         Trial Attorney
21

22

23                                        s/ Karen Nutter
                                         KAREN NUTTER
                                         Trial Attorney
24

25                                       EQUAL EMPLOYMENT
                                         OPPORTUNITY COMMISSION
                                         Phoenix District Office
26                                       3300 N. Central Ave., Suite 690
                                         Phoenix, Arizona  85012
27                                       (602) 640-5025

28                                       Attorneys for Plaintiff

6